IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHEAL SMITH,

    Plaintiff,                      No. 2:08-cv-2492-LKK-JFM (PC)

    vs.

SGT. R. STOVALL, et al.,            ORDER AND

    Defendants.              FINDINGS & RECOMMENDATIONS

                           /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed October 20, 2008, in which he raises several claims against nine defendants. On August 20, 2009, defendants Oshner[1], Hawkness, Stovall, Aurich, Albonico, Lawrence, Weeks, Scouce[2] and Auigriu filed a motion to dismiss.[3] Defendants seek dismissal of certain claims for failure to

---

[1] Identified as defendant Orcher in the complaint.

[2] Identified as defendant Souce in the complaint.

[3] On September 21, 2009, service was returned unexecuted for defendants Auigriu and Scouce, and on November 12, 2009, plaintiff was ordered to provide additional information necessary for service of process on said defendants. On December 23, 2009, plaintiff filed a motion for extension of time, which the court construes as a request for extension of time to comply with the November 12, 2009 order. Review of the August 20, 2009 motion to dismiss shows that it in fact identifies as moving defendants all nine defendants, including defendants

1

exhaust administrative remedies prior to suit pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b). Defendants also contend that several of the claims raised in the complaint should be dismissed pursuant to pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff has failed to allege facts sufficient to present those as cognizable claims for relief.[4]

## ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint contains the following allegations. On February 22, 2008, defendants Stovall and Lawrence and other correctional officers stopped plaintiff on his way out of the dining hall and required him to face the wall to be searched. Defendant Stovall threatened plaintiff with placement in "the hole" if he didn't "sit at the tables uniformly" and he also threatened to have plaintiff "beat down" and "killed" if he "didn't comply." Complaint, filed October 20, 2008, at 3. Defendant Lawrence subjected plaintiff to inappropriate sexual touching while she searched plaintiff. Defendant Stovall did nothing to stop the inappropriate search, and and all the other correctional officers just laughed.

Over time, plaintiff noticed that only blacks and latinos were subject to search and threats, while white inmates were not searched and were allowed to sit on milk crates without being ordered to sit at the tables. However, when plaintiff tried to sit on milk crates he was "rushed upon, threaten to be beat down" and sprayed with "liquid fire." Id. at 4.

On March 14, 2008, defendants Weeks, Aurich, and Scouce called plaintiff out of his cell, told him he was already out of his cell and had done something he wasn't supposed to do

---

Auigriu and Scouce, as well as defendant Lawrence, who on November 2, 2009 filed a notice of joinder in the August 20, 2009 motion to dismiss. See Defendants' Motion to Dismiss, filed August 20, 2009, at 1. For the reasons set forth in these findings and recommendations, plaintiff's claims against defendants Auigriu and Scouce must be dismissed. Accordingly, the court's November 12, 2009 order will be vacated and plaintiff's December 23, 2009 motion denied as unnecessary.

[4] Defendants also contend that plaintiff's complaint does not meet the requirements of Fed. R. Civ. P. 8 and that plaintiff's claims arising from different events snould be severed. For the reasons set forth in these findings and recommendations, the court need not reach either of these arguments.

and they were going to "beat [him] down" if he didn't do what they demanded. Id. They told plaintiff that his chair chrono had been revoked, which was not true. Thereafter, plaintiff submitted a grievance about this behavior to defendant Stovall. Early the next morning, plaintiff heard defendants Scouce and Aurich outside plaintiff's cell agreeing that they could not get plaintiff in his cell but would have to wait until he came outside. About an hour and fifteen minutes later, defendants Scouce, Aurich and Auigriu followed plaintiff as he left the dining hall, beat him, sprayed him with "liquid fire" and kicked him while he was down on the ground. Id. at 5. Defendant Albonico "manipulated the situation and the facts preventing [plaintiff] getting witnesses, covering up the realities, while punishing [plaintiff] for being attacked." Id. Defendants Oshner and Hawkness also participated in the cover up. Plaintiff seeks injunctive relief, including restoration of lost good time credits and time credits and reduction of his classification score, as well as damages.

## DEFENDANTS' MOTION TO DISMISS

I. Failure to Exhaust Administrative Remedies

The court turns first to defendants' contention that plaintiff has failed to exhaust administrative remedies for several of the claims raised in the complaint. On April 16, 2009, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

> "Section 1997e(a) of Title 42 of the United States Code provides:
> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion

/////

1 requirement during the course of an action.  Id. at 1200.  Defendants have the burden of proving
2 that plaintiff failed to exhaust available administrative remedies.  See Wyatt, 315 F.3d at 1120.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

Defendants contend that plaintiff failed to exhaust administrative remedies with respect to all of his claims arising from the events that began on March 14, 2008.  In support of this contention, defendants have presented evidence that plaintiff submitted two grievances relevant to the claims at bar that were not denied until after this action was filed.  Specifically, plaintiff submitted a grievance concerning his claim that correctional officers used false information on March 14, 2008 and subjected plaintiff to excessive force on March 15, 2008 that was not denied at the Director's Level of Review until January 2, 2009.  Plaintiff also submitted a grievance concerning alleged denial of due process at a disciplinary hearing that was not denied at the Director's Level of Review until February 25, 2009.  This action was filed on October 20, 2008, well prior to completion of the administrative review process for those claims.  As noted above, administrative exhaustion must precede the filing of the complaint.  Accordingly, defendants' motion to dismiss should be granted as to all claims arising from the events that began on March 14, 2008.

/////
/////

II. Rule 12(b)(6)

Defendants contend that several of plaintiff's claims, including denial of access to the courts, deliberate indifference to medical needs, denial of due process, and conspiracy, must all be dismissed for failure to allege sufficient facts. In addition, defendants contend that plaintiff's claim for equitable relief concerning medical care is foreclosed by Plata v. Schwarzenegger, No. C01-1351 TEH (N.D.Cal.), a class action pending in the United States District Court for the Northern District of California, and by the doctrine of res judicata. Finally, defendants contend that plaintiff's request for restoration of lost credits is not cognizable in this civil rights action but must be raised, if at all, in a petition for writ of habeas corpus.

The only claims for which plaintiff exhausted administrative remedies prior to the commencement of this action are the claims against defendants Stovall and Lawrence arising from the allegedly inappropriate search and alleged racial bias in searches and seating in the prison dining hall. All of the claims for which defendants seek dismissal under Rule 12(b)(6) arise, if at all, from the events that began on March 14, 2008, or are set forth only in plaintiff's prayer for injunctive relief and are unsupported by any factual allegations in the complaint. For these reasons, all of those claims should be dismissed.

Finally, this court finds that the claims remaining in this action are adequately stated and will therefore recommend that defendants Stovall and Lawrence be directed to answer those claims within ten days from the date of any order by the district court adopting these findings and recommendations.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This court's November 12, 2009 order is vacated;

2. Plaintiff's December 23, 2009 motion is denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' August 20, 2009 motion to dismiss be granted in part;

/////

5

2. The claims against defendants Oshner, Hawkness. Aurich, Albonico, Weeks, Scouce and Auigriu be dismissed and said defendants be dismissed from this action; and

3. The District Court order defendants Stovall and Lawrence to answer the claims against them arising from the allegedly inappropriate search and alleged racial bias in searches and seating in the prison dining hall within ten days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2010.

UNITED STATES MAGISTRATE JUDGE

12
smit2492.mtd