IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHEAL SMITH,

        Plaintiff,                    No. 2:08-cv-2492-LKK-JFM (PC)

    vs.

R. STOVALL, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On May 28, 2010 and June 10, 2010, defendants filed a motion to compel plaintiff's deposition and for monetary sanctions pursuant to Federal Rules of Civil Procedure 16, 20 and 37. Plaintiff opposes the motions.

        Defendants' motions arose out of two failed attempts to conduct plaintiff's deposition, first by videoconference on May 27, 2010, and then at High Desert State Prison on June 10, 2010. In accordance with orders of this court filed June 29, 2010 and July 1, 2010, and pursuant to a notice of deposition filed and served pursuant to the June 29, 2010 order, plaintiff's deposition was conducted and completed at this courthouse on July 15, 2010.

        Defendants seek expenses associated with the two failed depositions in a total amount of $4,839.20. Defendants have presented evidence that the expenses associated with the

first failed deposition total $2,214.00.[1] Defendants have also presented evidence that the expenses associated with the second failed deposition total $2,625.20.[2] Rule 37(d) of the Federal Rules of Civil Procedure provides for imposition of sanctions on a party who fails to appear for a deposition. Rule 37(d)(3) requires the court to order such a party to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

        Plaintiff's first deposition was noticed for 10:00 a.m. on May 27, 2010, and plaintiff was served with a copy of the notice of deposition. In support of their first motion to compel, defendants have presented a declaration from M. Green, a Search and Escort Officer at High Desert State Prison, who avers that on May 27, 2010 at approximately 8:45 a.m. he approached plaintiff at his cell, told plaintiff he would be escorting him to his video deposition, and that plaintiff refused to leave his cell. In opposition to the motion, plaintiff has declared under penalty of perjury that he did refuse to leave his cell on May 27, 2010, the date of this first deposition, but that the escort officer who came to take him from his cell told plaintiff that he had to go to a "B.O.C. hearing on 'A' yard," and never told plaintiff the escort was for the video deposition. Plaintiff's Opposition to Defendants' Motions to Compel, filed June 23, 2010, at 1, Declaration of Micheal Smith appended thereto. Plaintiff has also presented a declaration from inmate James Rivera attesting to the same facts as those presented by plaintiff. The court finds that plaintiff has not shown that his failure to attend the video deposition was substantially justified. Plaintiff was on notice that he had to attend a video deposition at 10:00 a.m. on the morning of May 27, 2010, and a correctional officer showed up to escort him at approximately

---

[1] This is based on twelve hours of attorney time, billed at $158.00 per hour, spent preparing for the deposition and preparing the motions to compel, plus $318.00 paid to the court reporter.

[2] This is based on three hours preparing for the deposition, ten hours traveling to and from Susanville, California, billed at $158.00 per hour, plus $217.00 in mileage costs and $354.20 in court reporting costs.

8:45 a.m. Even assuming arguendo that there was some miscommunication between Officer Green and plaintiff about where plaintiff was to be escorted, plaintiff apparently made no attempt to clarify or to inform Officer Green of the scheduled deposition. He simply refused to go. His failure to attend the first deposition was not substantially justified. The court will therefore award defendants reasonable expenses of that deposition in the amount of $950.00, representing four hours of attorney time spent preparing for the deposition and preparing the motion to compel, paid at $158.00 per hour, plus $318.00 in court reporter costs.[3]

With respect to the second deposition, plaintiff avers that he had been ill from food poisoning for two days on June 10, 2010 and was too ill to leave his cell for the deposition set for that day. Plaintiff has also presented inmate Rivera's declaration attesting to the reasons given by plaintiff for his failure to attend the second deposition. Defendants have not rebutted this evidence. Plaintiff has made an unrebutted showing that he had been ill with food poisoning for the two days leading up to the second deposition and the court will therefore find that his failure to attend that deposition was substantially justified. Defendants' request for expenses of that deposition will be denied.

Finally, in their second motion to compel defendants ask the court to reset the deadline for filing dispositive motions in any order resolving their motions to compel. Good cause appearing, that request will be granted and the court will, by this order, set a new deadline for filing dispositive motions in this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' May 28, 2010 and June 11, 2010 motions to compel plaintiff's deposition, for sanctions and/or expenses, and to modify the scheduling order are granted in part.

/////

/////

---

[3] The court will not award defendants the cost of the other eight hours of attorney time spent preparing for the deposition because the deposition was ultimately successfully completed.

2.  Defendants are awarded expenses of the failed May 27, 2010 video deposition in the amount of nine hundred fifty dollars ($950.00).

3.  Discovery is closed.

4.  The time for filing pretrial motions, except motions to compel discovery, is extended to October 29, 2010. Motions shall be brief in accordance with paragraph 7 of this court's order filed April 16, 2009.

DATED: September 23, 2010.

UNITED STATES MAGISTRATE JUDGE

12
smit2492.mtc