IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHEAL SMITH,

        Plaintiff,                  No. 2:08-cv-2492 LKK JFM  (PC)

   vs.

R. STOVALL, ET AL.,

        Defendants.          <u>FINDINGS & RECOMMENDATIONS</u>

                            /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court on defendants' motion, pursuant to Federal Rules of Civil Procedure 41(b), 16(f), and 37(b)(2)(A), to dismiss this action as a sanction for plaintiff's failure to pay an award of discovery expenses ordered by this court. Plaintiff opposes the motion on the ground that he is without the financial ability to pay the expenses.

        On September 23, 2010, this court entered an order granting in part defendants' motion to compel plaintiff's deposition and for sanctions and/or expenses and awarded defendants expenses of a failed video deposition in the amount of $950.00. Order filed September 23, 2010, at 4. It is undisputed that plaintiff has not paid the expenses. At a trial confirmation hearing before the district court on September 12, 2011, defendants requested

/////

1

clarification of when payment of those expenses was due.  By order filed September 13, 2011, the district court referred that matter to the undersigned.

On November 7, 2011, this court issued an order stating that plaintiff's obligation to pay the award arose at the time this court's September 23, 2010 order became final and that the award of expenses "is in the nature of a judgment, albeit not yet a final one, enforceable like any other monetary judgment entered in a federal court."  Order filed November 7, 2011, at 2.  On November 8, 2011, defendants filed the motion at bar.  By order filed November 15, 2011, the district court vacated the trial set in this matter and set a briefing schedule on the motion, and by order filed February 3, 2012, the motion was referred to the undersigned for findings and recommendations.

As noted above, defendants rely on Federal Rules of Civil Procedure 41(b), 16(f), and 37(b)(2), all of which grant the court authority to dismiss an action as a sanction for failure to comply with court orders.  Dismissal as a sanction "is a harsh remedy and should only be imposed in 'extreme circumstances.'"  Hamilton Copper & Steel Corp. v. Primary Steel Corporation, 898 F.2d 1428, 1429 (9th Cir. 1990) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  As noted above, plaintiff opposes the motion on the ground that he has no financial ability to pay the award of expenses and he has presented evidence to support that representation.  See Ex. A to Opposition to Motion to Dismiss, filed December 27, 2011.  Absent evidence that compliance with the court's order is possible, it would be an abuse of discretion to dismiss the action for failure to do so.  See Thomas v. Gerber Productions, 703 F.2d 353, 357 (9th Cir. 1983).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' November 8, 2011 motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
smit2492.mtd