UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SMITH,<br><br>    Plaintiff,<br><br>   v.<br><br>R. STOVALL,<br><br>    Defendants. | No. 2:08-cv-02492 KJM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former California state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court is defendants' motion to dismiss this action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure based on plaintiff's failure to prosecute as well as his failure to comply with the court's order to notify the court of any change of address. For the reasons that follow, the undersigned recommends granting defendants' motion and dismissing this case without prejudice.

**I.    Factual and Procedural Background**

This action was commenced on October 20, 2008 based on plaintiff's filing of a complaint against High Desert State Prison officials Stovall, Lawrence, Hawkness, Aurich, Orcher, Souce, Auigriu, Bonico and Weeks. All defendants except for Stovall and Lawrence were dismissed from this action on February 24, 2010. The complaint then proceeded on claims arising from these defendants' alleged inappropriate search of plaintiff and their alleged racial bias in searches

and seating at the High Desert State Prison dining hall.  ECF No. 39 at 6 (Findings and Recommendation adopted by Order of February 24, 2010).  At a trial confirmation hearing before the late District Judge Lawrence K. Karlton on September 4, 2012, this case was removed from the court calendar and administratively closed until such time as plaintiff filed a motion to proceed to trial.  ECF No. 99.  Over three years later, defendants filed the pending motion to dismiss.  ECF No. 100.  However, the case remained closed and was not re-assigned to a new district court or magistrate judge until February 9, 2018.  ECF No. 101.

Upon review of the court's docket as well as the pending motion to dismiss, it appears that plaintiff was released from the California Department of Corrections on July 21, 2014.  See ECF No. 100-2 at 1 (Declaration of C. Amren, Litigation Coordinator at High Desert State Prison).  The court's last order from 2012 was also returned as undeliverable to plaintiff.  No change of address has been filed by plaintiff as required by this court's order of April 16, 2009.  See ECF No. 13 at 5.

**II.  Motion to Dismiss**

Defendants Stovall and Lawrence request the dismissal of this action based on plaintiff's failure to file a motion to proceed to trial or to prosecute this action.  The motion also requests dismissal based on plaintiff's failure to notify the court of his change of address.

**III.  Analysis**

It is well established that district courts have authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed.R.Civ.P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (standard applied in dismissal for failure to prosecute); Link v. Wabash Railroad Co., 370 U.S. 626, 629–30 (1962) (dismissal for failure to prosecute to avoid undue delay or congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal for failure to comply with any court order).  "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances."  Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  Because dismissal is such a severe remedy, the Ninth Circuit requires a District Court to consider five factors before its imposition:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.

Id.

In the present action, all five factors suggest that dismissal is warranted. The first two factors clearly suggest that the harsh sanction of dismissal is appropriate because plaintiff was granted a number of years to reset this matter for trial and, instead of resolving the litigation, he failed to even notify the court of his change of address once he was released from custody. This hinders the court's ability to move this case toward disposition, and strongly suggests that plaintiff does not intend to litigate this action any further.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

While the public policy favoring disposition of cases on their merits generally weighs in plaintiff's favor, in this case plaintiff has not indicated any interest in resolving this civil rights action that was originally set for trial in 2012. See e.g., Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). It is plaintiff's responsibility to move the case towards disposition at a reasonable pace, and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been instructed on his responsibilities and being granted over three years in which to reset this matter for trial.

The fifth factor -- availability of less drastic sanctions -- also weighs in favor of dismissal. The court cannot move the case toward disposition without plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown that he is either unwilling or unable to comply with court orders or to otherwise prosecute this action to completion on his own initiative. Less drastic sanctions are not appropriate given the lack of any current address for plaintiff and his demonstrated disinterest in prosecuting this lawsuit.

////

3

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be granted and that this action be dismissed without prejudice for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 23, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/smit2492.mtd.docx